United States District Court
Eastern District of Louisiana

**Dontae McMillion - Plaintiff**

**V.**                                                                 **Civil Action No. _____**

**Aries Marine Corporation - Defendant**

## COMPLAINT

The plaintiff, Dontae McMillion, hereby files this lawsuit against Aries Marine Corporation (hereinafter "Aries Marine") for interfering with his right to take leave under the 1993 Family Medical Leave Act ("FMLA") and then discharging him while on an FMLA-qualifying leave. The plaintiff also sues under the Americans with Disabilities Act for the defendant's failure to accommodate his request for a leave so he could return to work and perform the essential functions of his job.

### *Jurisdiction*

1. This Court has jurisdiction of this suit pursuant to 28 USC § 1331.

### *Venue*

2. Venue is proper in this court pursuant to 42 USC § 2000e-5(f)(3) and §12117.

3. The plaintiff's workplace included places in the Eastern District of the Louisiana.

### **Parties**

4. The plaintiff, Dontae McMillion, is an adult resident of Jackson County, Mississippi.

**JURY TRIAL REQUESTED**

Case 2:14-cv-01802-DEK   Document 1   Filed 08/07/14   Page 2 of 5

5. The defendant Aries Marine Corporation, is a Louisiana corporation headquartered in Lafayette, Louisiana, and doing business in the Eastern and Western Districts of Louisiana. The defendant is an employer as that term is defined under the FMLA.

### Facts Underlying FMLA Claim

6. The plaintiff was hired by Aries Marine on May 1, 2010, to work as a cook on a service boat.

7. After working for a year, the plaintiff became an eligible employee under the FMLA as of May 1, 2011. He was also an employee as defined by the Americans with Disabilities Act.

8. On November 3, 2013, the plaintiff was injured when he fell off the roof of his home. He went to the emergency room and was advised by the doctor to recover at home for approximately one week.

9. The plaintiff notified his employer of his injury and his need to be off work for a week.

10. The day before he anticipated returning to work, the plaintiff collapsed at home. His wife found him unconscious and called 911. An ambulance took him to the hospital.

11. The plaintiff's doctors diagnosed the plaintiff with a heart condition and started devising a treatment plan. They considered surgery to insert one or more stints.

12. The plaintiff or his wife notified Aries Marine of his hospitalization and his new condition.

13. The plaintiff's condition made him a qualified individual with a disability as defined by the American with Disabilities Act.

14. During November and December, 2013, the plaintiff or his wife regularly communicated with Aries Marine to advise it of the plaintiff's condition and his desire to return to work.

15. These communications constituted a request for leave to accommodate his disability.

16. At first, the company was very cooperative. It made arrangements for him to start receiving short term disability payments.

17. On January 3, 2014, the plaintiff received a letter stating that he had been terminated as of November 16, 2013.

18. Beginning on November 3, 2013, the plaintiff suffered from a serious health condition as defined by the Family and Medical Leave Act.

19. Aries Marine had notice of the plaintiff's serious health condition and his need for leave.

20. Aries Marine failed to designate his absence as FMLA leave.

21. Aries Marine falsely represented to the EEOC that the plaintiff and/or his wife had not kept it informed about his condition and his need for continuing time off.

### Facts Underlying ADA Claim

**22**. The plaintiff was a qualified individual with a disability. The plaintiff requested a short term leave in order to accommodate his disability so he could return to work.

23. The defendant refused to accommodate his disability.

24. The defendant discriminated against him and interfered with his rights under the Americans with Disabilities Act.

25. Within 180 days of the discriminatory act, the plaintiff filed a charge with the Equal Employment Opportunity Commission alleging a violation of the ADA.

26. The plaintiff has filed this lawsuit within 90 days of having received a right-to-sue letter from the EEOC.

### Violations of Law

27. Aries Marine interfered with the plaintiff's right to take FMLA leave by failing to ask him if he wanted to take leave pursuant to the FMLA.

28. The defendant terminated the plaintiff while he was on an FMLA-qualifying leave.

29. Aries Marine further interfered with the plaintiff's right to be reinstated after returning from FMLA leave.

30. Aries Marine's termination of the plaintiff was a willful, wanton violation of his rights under the FMLA.

31. The defendant's willful violation makes the FMLA's three-year statute of limitations applicable to this case. 29 USC § 2617(c)(2).

32. The defendant's termination of the plaintiff was also interference with his rights under the Americans with Disabilities Act and a failure to accommodate his request for short term leave in order to be able to perform essential functions of his job.

33. Plaintiff is entitled to and prays for trial by jury.

### Request for Relief

33. The plaintiff is entitled to (a) back pay, (b) the value of his lost benefits, (c) front pay until he finds comparable employment, (d) liquidated (double) damages under the FMLA, (e) damages for emotional distress (compensatory damages) and punitive damages under the ADA, (f) legal fees, cost and interest from the date of judicial demand.

**WHEREFORE**, petitioner, **Dontae McMillion** prays that the defendant, The defendant Aries Marine Corporation, herein be served with a copy of this Complaint and be duly cited to appear and answer same, and that after due proceedings had there be Judgment in favor of your petitioner, Dontae McMillion against defendant, Aries Marine Corporation for the sum of all damages as may be proven by the plaintiff in this matter, including (a) back pay, (b) the value of his lost benefits, (c) front pay until he finds comparable employment, (d) liquidated (double) damages under the FMLA, (e) damages for emotional distress (compensatory damages) and punitive damages under the ADA, (f) legal fees, all reasonable compensation, for all losses and damages allowed pursuant to law, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings including expert witness fees. Petitioner

further prays for all general and equitable relief as the nature of the case may permit and that there be trial by jury.

Dated:  August  7, 2014.

RESPECTFULLY SUBMITTED,

/s *Wanda Anderson Davis*
_____
**WANDA ANDERSON DAVIS #16788**
**Leefe, Gibbs, Sullivan, & Dupré, L.L.C.**
**3900 North Causeway Blvd., Suite 1470**
**Metairie, LA 70002**
**(504) 830-3990**
**Attorney for Plaintiff**


**Please Serve**
Aries Marine Corporation
Through its Agent for Service of Process
Courtney B. Ramsay
309 LA Rue France, Suite 101
Lafayette, LA 70508